UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARENA HATLEY,<br><br>               Plaintiff,<br><br>   v.<br><br>JOYCE L. MULLAN,<br><br>               Defendant. | Case No. C21-820-JCC-MLP<br><br>ORDER |

This matter is before the Court on Plaintiff Larena Hatley's Renewed Motion for Issuance of Order Directing Defendant to Appear and Show Cause Why an Order Putting Plaintiff in Immediate Possession of Personal Property Should Not Be Issued. (Renewed Show Cause Mot. (dkt. # 33).) Ms. Hatley contemporaneously filed a Renewed Motion for Writ of Replevin. (Renewed Replevin Mot. (dkt. # 34).) Defendant Joyce L. Mullan filed her Opposition and Objection to the Replevin Motion (Def.'s Resp. (dkt. # 35)), and Ms. Hatley filed a reply (Pl.'s Reply (dkt. # 36)). The Court held oral argument on the Renewed Show Cause Motion on December 15, 2021. Having reviewed the parties' submissions, oral argument, the balance of the record, and the governing law, the Court GRANTS the Renewed Show Cause Motion (dkt. # 33).

ORDER - 1

Washington's replevin statute provides that "[t]he plaintiff in an action to recover the possession of personal property may claim and obtain the immediate delivery of such property, after a hearing[.]"[1] RCW 7.64.010. The plaintiff must apply to the Court "to issue an order directing the defendant to appear and show cause why an order putting the plaintiff in immediate possession of the personal property should not be issued." RCW 7.64.020(1). In support of the application, the plaintiff must provide an affidavit or declaration showing: (1) she "is the owner of the property or is lawfully entitled to the possession of the property by virtue of a special property interest"; (2) "the property is wrongfully detained by defendant"; (3) the property has not been taken for a tax, assessment, or fine; and (4) the "approximate value of the property." RCW 7.64.020(2).

Ms. Hatley has satisfied the statutory requirements through her verified complaint and thus is entitled to a show cause hearing. (*See* Compl. (dkt. # 1).) Ms. Mullan's argument that conflicting statements in the complaint regarding the value of the property at issue should prevent a show cause hearing is unavailing. (*See* Def.'s Resp. at 4-5.) RCW 7.64.020(2) does not require final valuation of the property before a show cause hearing.

Accordingly, the Court hereby GRANTS Ms. Hatley's Renewed Show Cause Motion (dkt. # 33) and ORDERS the parties to appear at a show cause hearing. The hearing will be on the Zoom video platform and is set for **February 2, 2022, at 1:30 pm**. In compliance with RCW 7.64.020(3), Ms. Mullan is hereby notified that failure to promptly turn over possession of the

---

[1] The state remedy is available in federal court through Federal Rule of Civil Procedure 64. The rule provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Replevin is specifically mentioned as an available remedy. Fed. R. Civ. P. 64(b); *see also BMO Harris Bank N.A. v. Miller Transp. LLC*, 2021 WL 1338478, at *2 (W.D. Wash. Apr. 9, 2021) (granting relief on plaintiff's replevin claim by awarding an order of possession after default judgment).

ORDER - 2

property to the plaintiff or the sheriff, if an order awarding possession is issued under RCW 7.64.035(1), may subject her to being held in contempt of court.

Because the issues raised in the Renewed Replevin Motion will be addressed at the show cause hearing, the Clerk is DIRECTED to renote the Renewed Replevin Motion (dkt. # 34) for the Court's consideration on February 2, 2022.

The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 15th day of December, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3