THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARENA HATLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JOYCE L. MULLAN,<br><br>    Defendant. | CASE NO. C21-0820-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 65). Plaintiff asks the Court to reconsider its order granting Defendant leave to amend its Answer. (*Id.*; *see* Dkt. Nos. 57, 61.) Plaintiff contends the Court misinterpreted the import of its prior order striking the "remaining case schedule" in this matter. (Dkt. No. 65 at 3 (quoting Dkt. No. 52 at 1).) And Plaintiff asserts that, on this basis, the Court committed manifest error by failing to consider its argument that Defendant did not show the good cause required under Rule 16(b) to modify the scheduling order to allow her to amend her Answer to present a failure to mitigate defense. (*See id.*)

To the extent a Rule 16(b)(4) modification is required, and the Court is not opining that it is, the Court FINDS good cause for the modification sought. This is because, while the failure to raise an affirmative defense would normally constitute a waiver of that defense, it can be cured through inclusion of the defense in the pretrial order. *See 999 v. C.I.T. Corp.*, 776 F.2d 866, 870

ORDER
C21-0820-JCC
PAGE - 1

n.2 (9th Cir. 1985) (noting that including "the issue of mitigation" in a pretrial order "has the effect of amending the pleadings."); *see also Accent Films, B.V. v. Universal City Studios, Inc.*, 24 F.3d 244 (9th Cir. 1994) (affirming a district court decision to not waive an un-pleaded mitigation defense). And Defendant has proposed doing just that. (*See* Dkt. No. 53 at 2.)

For this reason, Plaintiff fails to demonstrate manifest error, *see* LCR 7(h)(1), and her motion for reconsideration (Dkt. No. 65) is DENIED.

DATED this 18th day of April 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE